# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

MELISSA FINLEY,                       §
                                      §
    Plaintiff,         §
                                      §
v.                                    §    CIVIL ACTION NO. 3:10-CV-1575-B
                                      §
NETWORK COMMUNICATIONS, INC.,         §
                                      §
    Defendant.        §

## <u>MEMORANDUM OPINION & ORDER</u>

Before the Court is Plaintiff Melissa Finley's Motion to Remand (doc. 4), filed August 31, 2010. For the reasons discussed below, the Court finds that Plaintiff's Motion should be and hereby is **DENIED**.

## I.

## BACKGROUND

This is an employment discrimination suit arising under the Texas Commission on Human Rights Act ("CHRA"). (*See* Pl.'s Original Compl. ¶¶ 5.01-.06). Plaintiff alleges that she was discriminated against and ultimately discharged because of her gender and pregnancy. (*Id.* at ¶ 5.04). Plaintiff initiated this action in the 44th Judicial District Court of Dallas County, Texas, on July 21, 2010. (Pl.'s Mot. Remand 1). She seeks compensatory damages for back pay, front pay, future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other nonpecuniary losses, as well as punitive damages, court costs, and attorney's fees. (Pl.'s Original Compl. ¶ 5.06).

On August 12, 2010, Defendant removed the instant action to this Court on the basis of diversity jurisdiction. (Notice of Removal 1-2). Plaintiff thereafter filed her Motion to Remand (doc. 4), arguing that Defendant had inadequately plead that the parties' were actually diverse or that the amount in controversy exceeded $75,000. (Pl.'s Motion Remand 2). While not required to succeed on her Motion to Remand, Plaintiff noticeably does not argue that the parties *actually are* citizens of the same state or that the amount in controversy *actually is* less than $75,000. Defendant responded to Plaintiff's Motion, arguing that it had adequately plead both diversity of citizenship and amount in controversy in its notice of removal. Plaintiff did not file a Reply.

## II.

## LEGAL STANDARDS

A defendant may remove an action filed in state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction is limited; federal courts may entertain only those cases involving a question of federal law or those where parties are of diverse citizenship. *See* 28 U.S.C. §§ 1331-1332. In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. The party invoking federal jurisdiction has the burden of establishing it. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

The amount in controversy is determined at the time of removal. *Gebbia v. Wal-mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000). In determining whether the amount in controversy requirement is satisfied, the Court looks first to whether the plaintiff alleges a specific amount of damages in the petition. *White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir. 2003). Where the plaintiff has in good faith alleged a sum certain that exceeds the requisite amount in controversy,

that amount controls. *De Aguilar* 47 F.3d at 1410. Where, on the other hand, the plaintiff does not allege a particular sum in damages, the removing party must prove by a preponderance of the evidence that the amount of the claim will exceed the jurisdictional minimum. *De Aguilar*, 47 F.3d at 1412. In making this determination, the Court must first assess whether it is "facially apparent" from the plaintiff's operative complaint, filed in state court, that damage claims exceed $75,000. *St. Paul Reinsurance*, 134 F.3d at 1253. If it is not facially apparent that the claims exceed $75,000, the removing party may provide "summary judgment-type" evidence to demonstrate that the claims exceed the amount in controversy. *Id.* If a defendant meets its burden of establishing the jurisdictional amount, then the plaintiff must show that as a matter of law it is certain that her claims actually amount to less than $75,000 by either filing a binding stipulation or affidavit with her petition. *De Aguilar v. Boeing Co.*, 47 F.3d at 1412.

## III.

## ANALYSIS

To avoid remand, Defendant must demonstrate both diversity of citizenship and that the amount in controversy more likely than not exceeds $75,000. Plaintiff challenges Defendant's removal of the case on both grounds. The Court addresses each requirement below.

### A.    *Diversity of Citizenship*

Plaintiff first argues that Defendant's Notice of Removal is defective because it has alleged diversity of citizenship "only at the time of removal." (Pl.'s Mot. Remand 2). However, a close inspection of Defendant's Notice indicates that it did allege that the parties were diverse at the time of the filing of the instant action. Defendant indicated that it has been a citizen of the State of Georgia since 1980. (Deese Aff. 1, Def.'s Notice of Removal Ex. E). Defendant also indicates that

Plaintiff has been a citizen of the State of Texas since at least her filing of a Charge of Discrimination with the Texas Commission on Human Rights on July 6, 2009 and remains a citizen to this day. (Def.'s Notice of Removal 1 n.2). Plaintiff filed her petition in state court on July 21, 2010, which falls withing the period of citizenship alleged by Defendant.[1] Thus, Defendant's Notice of Removal sufficiently alleges citizenship at the time the suit was filed.

B.    *Amount in Controversy*

Plaintiff also contends that "Defendant's allegations do not constitute sufficient, if any, evidence of the amount in controversy." (Pl.'s Motion to Remand 2). Plaintiff cites to cases from the Ninth and Eleventh Circuits as indicating that a removing defendant must "provide evidence" supporting the amount in controversy. (*Id.*). However, Fifth Circuit case law is clear, a court need only look at extrinsic evidence if the amount in controversy is not "facially apparent" from the Complaint. *See St. Paul Reinsurance*, 134 F.3d at 1253. Looking at the face of Plaintiff's Original Petition, the Court finds that Defendant has demonstrated it is more likely than not that Plaintiff's claims exceed the amount in controversy.

Plaintiff seeks compensatory damages for back pay, front pay, future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, other nonpecuniary losses, punitive damages, court costs, and attorney's fees. (Pl.'s Original Compl. ¶ 5.06). The CHRA

---

[1]Plaintiff does not argue that she was not in fact a citizen of Texas as of both the date of filing her Original Petition in state court and Defendant's removal to federal court. Under federal law, the state where a party is domiciled serves as her state of citizenship. *Preston v. Tenent Healthsys. Mem'l Med.Ctr., Inc.*, 485 F.3d 793, at 797 (5th Cir. 2007). In determining a person's domicile, courts look to two factors: the person's state of residence and an intent to remain. *Id.* at 798. Here, Defendant has demonstrated that Plaintiff resided in Texas a year prior to filing suit and remains resided in Texas through the present day. The Court finds that Plaintiff is thus presumptively a citizen of Texas. *See id.* at 797-98. If Plaintiff disputes her citizenship, she should direct the Court's attention to that fact **within 10 days of this Order**.

provides that a claimant may recover compensatory damages from an employer that engages in an unlawful intentional employment practice and punitive damages when the employer engages in a discriminatory practice with malice or reckless indifference. TEX. LAB. CODE § 21.2585(a),(b). The Act caps the total recoverable compensatory and punitive damages on a "sliding scale," depending on the size of the employer. *Id.* § 21.2585(d); *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004). This cap ranges from $50,000 for employers with fewer than 100 employees to $300,000 for employers with more than 500 employees. The CHRA specifically excludes back pay from counting towards the compensatory and punitive damages cap. TEX. LAB. CODE § 21.2585(c); *Hoffmann-La Roche*, 144 S.W.3d at 446.

In the instant case, Plaintiff's claim for back pay amounts to at least $40,000.[2] The cap on compensatory and punitive damages is at least $50,000. Plaintiff also seeks attorney's fees, which are computed separately from either of the other figures. TEX. LAB. CODE § 21.259; *Chavez v. Maximus, Inc.*, No. SA-10-CV-538-XR, 2010 WL 2950313, at *2-3 (W.D. Tex. July 23, 2010). When a plaintiff alleges a host of potential forms of relief, such a decision indicates that the plaintiff is "seeking any possible grounds to maximize her recovery up to the cap." *Muniz v. El Paso Marriott*, No. EP-09-CV-274-KC, 2009 WL 4878619, at *5 (W.D. Tex. Dec. 8, 2009); *Salomon v. Wells Fargo Bank, N.A.*, No. EP-10-CV-106-KC, 2010 WL 2545593, at *6 (W.D. Tex. June 21, 2010). Thus, the Court finds that the amount in controversy in the instant case at the very least exceeds $90,000, which is well above the jurisdictional threshold.

---

[2]Plaintiff alleges that her income was $40,000 plus commission, phone, and mileage. (Pl.'s Original Compl. ¶ 4.01). The time between firing and filing of lawsuit was over a year. Thus, her claim for back pay necessarily exceeds $40,000.

Even in the absence of the case-specific details relied upon above, the bulk of relevant case authority supports the Court's finding that the amount in controversy requirement has been satisfied based simply on the multiple types of relief (particularly punitive damages and attorney's fees) sought by Plaintiff. *See, e.g., Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 921 (W.D. Tex. 2005); *Camargo v. Gino Morena Enters.*, No. EP-10-CV-242-KC, 2010 WL 3516186, at *3 (W.D. Tex. July 23, 2010); *Chavez*, 2010 WL 2950313, at *1; *Salomon*, 2010 WL 2545593, at *6-7; *Muniz*, 2009 WL 4878619, at *5; *Hanson v. K Mart Corp.*, No. EP-08-CA-267-FM, 2008 WL 4372701, at *4 (W.D. Tex. Sept. 11, 2008); *Rawlings v. Travelers Prop. Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at *7-8 (N.D. Tex. May 20, 2008); *Martin v. Southwest PCS, L.P.*, No. SA-03-CA-866-XR, 2003 WL 22477692, at *3-4 (W.D. Tex. Nov. 3, 2008).

Once a defendant has shown that it is more likely than not that the amount in controversy exceeds $75,000, the law affords a plaintiff the opportunity to show that her damages will actually be less than that amount. *De Aguilar*, 47 F.3d at 1411. Plaintiff has not made any such an indication. Because Defendant has shown that the amount in controversy more likely than not exceeds $75,000 and because Plaintiff has not provided any indication that her damages will certainly be less than $75,000, the Court finds that the amount in controversy requirement of diversity jurisdiction is satisfied.

## IV.

## CONCLUSION

Because this case involves completely diverse parties and because the amount in controversy more likely than not exceeds $75,000, Defendant's removal of the action to federal court was proper.

Accordingly, Plaintiff's Motion to Remand is **DENIED**. Plaintiff's Request for Costs and Attorney's Fees is therefore also **DENIED**.

 **SO ORDERED.**

 **DATED November 5, 2010**

               JANE J. BOYLE
               UNITED STATES DISTRICT JUDGE